*In re* MARRIAGE OF ROBERT EARL HAWKINS, Petitioner-Appellant, *v.* DEBRA L. HAWKINS, Respondent-Appellee.

Fourth District    No. 17419

Opinion filed April 29, 1982.

Thomson, Thomson, Mann & Mann, P. C., of Jacksonville, for appellant.

Charles E. McNeely, of Jacksonville, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Petitioner, Robert Earl Hawkins, appeals from an order of the circuit court of Morgan County entered on July 29, 1981. That order granted a petition filed under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) by the respondent, Debra L. Hawkins, and set aside the judgment of dissolution of marriage insofar as it approved and incorporated the property settlement agreement of the parties. Petitioner maintains the trial court erred in granting respondent's section 72 petition. We disagree with petitioner and affirm the trial court's decision.

The record shows that petitioner filed a petition on June 16, 1980, requesting that his marriage to respondent be dissolved and that the court approve the marital settlement agreement of the parties. The agreement stated that the parties acknowledged that each of them had been fully informed of the property and income of the other and provided that: (1) petitioner would pay respondent $600 per month for a period of three months, with the payments to also terminate on respondent's death, remarriage, or cohabitation with another person; (2) respondent would

waive her right to any other claim of maintenance; (3) petitioner would have the right to declare the three minor children as exemptions for tax purposes; (4) petitioner would pay all debts of the parties incurred prior to June 1, 1980; (5) respondent would transfer to petitioner her interest in the farmland owned by the parties and her interest in Four "H" Farms, Inc., the corporation owned by the parties; (6) each would keep the personal property in their possession; (7) custody of the children would be given to respondent but if petitioner remarried, custody was to be given to him; and (8) petitioner agreed to pay respondent $167 per month per child as child support. The agreement was drafted by petitioner's attorney.

The record further shows that on June 18, 1980, a hearing was held on the petition for dissolution. Petitioner was represented by an attorney. Respondent was not represented by counsel and did not appear but had filed her appearance and consent that immediate default might be taken and entered against her. The petition was granted and the marital settlement agreement was made a part of the judgment of dissolution of marriage.

On January 23, 1981, respondent filed the section 72 petition requesting that the judgment be vacated. That petition alleged the settlement was unconscionable and fraudulent. In support of both grounds she alleged that the value of the farming interests of the parties given to petitioner far exceeded the small amount of personalty and monetary award of $1,800 given to her. In support of the fraud charge she also claimed she was induced to sign the petition because petitioner told her they would "start over" as a couple after the dissolution, while at the time he was keeping company with another woman. The section 72 petition set forth that respondent was not represented by counsel during the dissolution proceedings.

After a hearing on the section 72 petition, the court found respondent had carried her burden and determined the settlement agreement should be set aside, not only because it was manifestly unfair and inequitable but also because its procurement was not entirely free from misrepresentation by the petitioner. The judgment of dissolution of marriage was ordered vacated only as to the portion which adopted the settlement agreement. Respondent was represented by counsel throughout the section 72 petition proceedings.

■█ A petition filed under section 72 of the Civil Practice Act may be pursued in order to vacate or modify a judgment of dissolution where one of the party's interests have been inequitably treated. Although the law looks with favor upon the amicable settlement of property rights between a husband and a wife, a settlement agreement procured by fraud, coercion, or one that is contrary to any rule of law, public policy, or morals,

will be set aside and vacated. A settlement agreement will also be evaluated to determine if it is reasonably fair and sufficient, in light of the station in life and circumstances of the parties, and it will be set aside if it is unfair and inequitable. *Beck v. Beck* (1980), 83 Ill. App. 3d 976, 404 N.E.2d 972; *Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, 350 N.E.2d 103.

■■ The determination of the trial court that the settlement agreement was manifestly unfair and inequitable was not against the manifest weight of the evidence. Respondent was not represented by counsel while petitioner was during the dissolution proceedings, including those involving property distribution. She received the settlement proposal only five days before it was approved by the court. Five months after the entry of judgment on the property settlement, petitioner sold the farming interests of the parties for a net of $158,050. Although we recognize that the farm interests involved the volatile business of breeding and raising hogs, we deem the sales price to have substantial bearing upon the value of those interests at the time of decree. As these interests were marital property, respondent would have been entitled to a substantial interest in this property. This evidence also was enough to support the determination the agreement was grossly unfair. Although respondent did testify she knew she was giving away all this property to petitioner, the evidence also showed she had been receiving letters from petitioner informing her: (1) she would have to pay some of the bills arising from the farming operation; (2) the prognosis for the business was bad; (3) the hog market was bad; and (4) they were losing $4,000 to $5,000 per month. Although we do not deem the foregoing to necessarily show fraud, it does give justification to respondent to now claim the agreement to be unfair even though she entered into it knowing what she was giving up.

■■ We also find that respondent acted with reasonable diligence here. She filed her petition a month after the petitioner sold the farm. Until the farm was sold, she would not have known the true value of the farm property.

Accordingly, the ruling of the circuit court is affirmed.

Affirmed.

LONDRIGAN and TRAPP, JJ., concur.