MICHAEL H. MINTON *et al.*, Plaintiffs-Appellants, *v.* THE RICHARDS GROUP OF CHICAGO *et al.*, Defendants—(International Decorating, Inc., Defendant-Appellee).

First District (1st Division) No. 82—2152

Opinion filed August 8, 1983.

Uwe Brasch, of Schaumburg, for appellants.

No brief filed for appellee.

JUSTICE McGLOON delivered the opinion of the court:

The plaintiffs, Michael H. Minton and Mary Minton, appeal from an order of the circuit court of Cook County dismissing their amended complaint with prejudice. They contend that the trial court erred by ruling that they failed to state a cause of action against International Decorating, Inc., one of the defendants herein. This defendant did not file a brief, but we find that this does not prevent resolution of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Plaintiffs filed a complaint alleging that they contracted for the purchase of a new home to be constructed by the Richards Group of Chicago (RGC); that defendants PDS Construction, A & E Plumbing and International Decorating, Inc., worked on the home "under the supervision" of RGC; and that the premises constructed were uninhabitable and violated the implied warranty of habitability. Thereafter, on motion of the plaintiffs, RGC, PDS Construction and A & E Plumbing were dismissed as parties defendant.

The plaintiffs then filed an amended complaint alleging that International Decorating, Inc., a corporation had entered into an agreement with RGC to paint the eaves and windows of plaintiffs' new home, and that within 90 days after plaintiffs took possession of the premises pursuant to their agreement with RGC, the paint on the eaves and windows began to peel; that despite demands that the matter be corrected, no action had been taken to remedy the situation; and that RGC, a Delaware corporation, has since been dissolved. The amended complaint asked for judgment in the sum of $3,000 plus attorney fees and costs.

On motion of the defendant, International Decorating, Inc., the trial court struck the amended complaint and granted the plaintiffs 28

days within which to file a second amended complaint, which plaintiffs failed to do. Thereafter, the trial court dismissed plaintiffs' amended complaint with prejudice.

Plaintiffs contend that the builder-vendor implied warranty of habitability against latent defects in a new house also applies to the subcontractors of the builder-vendor where the builder-vendor is dissolved and shows no assets.

■ The warranty of habitability is a creature of public policy and a judicial innovation that has evolved to protect purchasers of new houses upon discovery of latent defects in their homes. (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154.) The implied warranty of habitability is a separate covenant between the vendor and vendee which arises because of the unusual dependent relationship. (*Herlihy v. Dunbar Builders Corp.* (1980), 92 Ill. App. 3d 310, 415 N.E.2d 1224.) While this warranty has roots in the execution of the contract for sale, it exists independently and privity of contract is not required. The purpose of the warranty is to protect purchasers' expectations by holding building-vendors accountable. *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 441 N.E.2d 324.

In *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 410 N.E.2d 902, this court extended the warranty of habitability between builder-vendors and purchasers to developer-vendors and condominium purchasers. In *Redarowicz v. Ohlendorf*, the supreme court extended the warranty of habitability to subsequent purchasers where there is a short intervening ownership by the first purchaser.

In the present case the record discloses that no builder-vendor to vendee relationship existed between plaintiffs and International Decorating. The plaintiffs allege that subsequent to the peeling of the paint on the eaves and windows of their new home, they informed RGC, through its representative, Joseph Mach, of the condition of the paint; that Joseph Mach informed them he would speak to International Decorating to remedy the situation; and that subsequent letters sent by the plaintiffs to International Decorating requesting that the matter be remedied were ignored.

This court is asked to extend the warranty of habitability to the subcontractors of a builder-vendor where the builder-vendor has been dissolved as an entity and is insolvent. Purchasers from a builder-vendor depend upon his ability to construct and sell a home of sound structure and his ability to hire subcontractors capable of building a home of sound structure. The plaintiffs here had no control over the choice of RGC to paint the eaves and windows of their home, and RGC was in the better position to know which subcontractor could

perform the work adequately.

In this case we agree with the reasoning in *Redarowicz* that the purpose of the implied warranty is to protect innocent purchasers. For that reason, we hold that in this case where the innocent purchaser has no recourse to the builder-vendor and has sustained loss due to the faulty and latent defect in their new home caused by the subcontractor, the warranty of habitability applies to such subcontractor. We recognize that our opinion is contrary to *Waterford Condominium Association v. Dunbar Corp.* (1982), 104 Ill. App. 3d 371, 432 N.E.2d 1009, but that opinion was rendered prior to *Redarowicz v. Ohlendorf.*

The judgment of the circuit court of Cook County is therefore reversed, and the cause is remanded for further proceedings.

Judgment reversed; cause remanded.

BUCKLEY, P.J., and GOLDBERG, J., concur.