GARY L. HEFLER *et al.*, Plaintiffs-Appellees, *v.* BILL WRIGHT, d/b/a Bill Wright Construction, Defendant-Appellant.

Fifth District   No. 5—83—0357

Opinion filed February 9, 1984.

Earl S. Hendricks, Jr., of Murphysboro, for appellant.

J. Phil Gilbert, of Gilbert & Gilbert, of Carbondale, for appellees.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Plaintiffs Gary and Sharon Hefler brought suit against defendant Bill Wright, doing business as Bill Wright Construction, alleging that

he built their house in an unworkmanlike manner and breached an implied warranty of fitness or habitability. Specifically, they complained that there were cracks in the wall and ceiling, certain trusses were loose, the soffit was separated from the kitchen cabinets, and the dry wall and the center beam of the house were not properly installed. Subsequently, the plaintiffs sought to amend their complaint to add as a defendant Reasor Corporation (Reasor), which manufactured the home package used to construct plaintiffs' dwelling. The trial court denied the motion to add Reasor as a defendant. Judgment was entered in favor of the plaintiffs on May 4, 1983, in the amount of $5,718 for breach of the implied warranty of habitability. The defendant appeals and raises two arguments. First, he asserts that the trial court should have allowed plaintiffs to amend their complaint to add the manufacturer of the packaged home as a defendant. Second, he argues that he is not a "builder-vendor" and should not be liable to the homeowner under an implied warranty of habitability. We affirm.

■ In denying plaintiffs' motion to add Reasor as a defendant, the trial court ruled that the proposed amendment was legally insufficient to state a cause of action because the terms of any contract between the plaintiffs and Reasor were not attached or recited. On appeal, the defendant argues that the trial court erred in denying plaintiffs' motion since the amended complaint sought relief under a products liability theory and not a contract theory. The defendant relies on *Maxfield v. Simmons* (1983), 96 Ill. 2d 81, 449 N.E.2d 110. In *Maxfield,* the builder sought indemnity by filing a third-party complaint against the manufacturer of roof trusses, after a homeowner brought suit against him. The builder's complaint alleged tortious conduct on the part of the manufacturer of the trusses, which was held sufficient to give rise to the right of indemnification and contribution. Accordingly, the third-party complaint was held to state a cause of action. Under *Maxfield v. Simmons,* the plaintiffs' motion to amend their pleadings was sufficient to state a cause of action against Reasor because it alleged tortious conduct by the corporation, despite the fact that the terms of a contract were not attached or recited. Nonetheless, the trial court's failure to add Reasor as a defendant did not prejudice the defendant. If the defendant wishes to seek indemnity from Reasor, he may file a third-party action. (See generally *Maxfield v. Simmons* (1982), 107 Ill. App. 3d 341, 347, 437 N.E.2d 839, 843 (Welch, J., dissenting).) Absent any error which was substantially prejudicial and affected the outcome of the trial, we must deem any error harmless. *Holsapple v. Country Mutual Insurance Co.* (1983), 112 Ill. App. 3d 512, 445 N.E.2d 909; *Stromquist v.*

*Burlington Northern, Inc.* (1983), 112 Ill. App. 3d 37, 444 N.E.2d 1113.

■ Next, we consider defendant's argument that he is not a builder-vendor and therefore cannot be liable under an implied warranty of habitability. He asserts that he is not a builder-vendor because he merely erected a house manufactured by another company and because he built the house on land the plaintiffs already owned, not land he sold to them with the house. Neither argument is persuasive.

The purpose of the warranty of habitability is to protect purchasers of new houses when latent defects are discovered (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154.) The supreme court pointed out in *Petersen* that the primary reason for the warranty is "because of the unusual dependent relationship of the vendee to the vendor." (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 41, 389 N.E.2d 1154, 1158.) In many cases, the purchase of a home is the most important transaction of a lifetime and it would be unjust to apply the rule of *caveat emptor* to an inexperienced home buyer in favor of a builder who is in the business of building and selling homes. (See generally Annot. 25 A.L.R.3d 383 (1969).) The supreme court has stated that the implied warranty does not arise as a result of the execution of the deed, but arises by virtue of the execution of the agreement between the vendor and the vendee. The warranty is an implied covenant that the house built and conveyed by the builder-vendor is reasonably suited for its intended use. *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154.

Since *Petersen,* the warranty of habitability has been applied in a broad fashion to protect home buyers. For example, in *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 410 N.E.2d 902, the "developer-seller" of a condominium complex was held liable as if it were a builder-seller even though the company did not build the condominiums. The court reasoned that the condominium purchasers depended on the developer to hire a competent contractor and the purchaser had no control over the developer's choice. Under these circumstances, the dependent relationship between the buyer and the developer was said to be the same as if the developer were a builder-seller. (*Tassan v. United Development Co.*; see generally Annot., 50 A.L.R.3d 1071 (1973).) More recently, in *Minton v. Richards Group* (1983), 116 Ill. App. 3d 852, 452 N.E.2d 835, a subcontractor which worked on a purchaser's new house was found liable for defects under a warranty of habitability after the builder-vendor was dissolved.

Again, the focus of the court's analysis was on the protection of home purchasers, even to the point of extending the warranty of habitability to the subcontractor when the builder-vendor is insolvent. *Minton v. Richards Group.*

The Illinois Supreme Court discussed the definition of the term "builder-vendor" in *Park v. Sohn* (1982), 89 Ill. 2d 453, 461, 433 N.E.2d 651, 655, stating, "Courts have defined the builder-vendor as one who is engaged in the business of building, so that the sale is of a commercial nature, rather than a casual or personal one." In *Park,* the court noted that a builder need not have extensive experience in the construction industry in order to be liable as a builder-vendor for purposes of warranty. Liability was found to exist in *Park* despite defendant's arguments that the dwelling was only the second one he had constructed and that the house was not "new" because he had lived in it for a short time. *Park v. Sohn.*

■ Applying the principles of these cases to the case at bar, we reject defendant's arguments that he is not a builder-vendor because he erected a packaged house and because he built the house on land the plaintiffs already owned. A builder of packaged homes is in a position where buyers are unusually dependent on him, especially to obtain materials reasonably suited for their intended use. (See *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154; *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 410 N.E.2d 902.) In addition, the implied warranty arises from the execution of the agreement between the vendor and the vendee and does not arise as a result of the execution of the deed. (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154.) There is no requirement that a builder-vendor must have sold buyers land in order for recovery to be allowed under an implied warranty of habitability. (See *Minton v. Richards Group* (1983), 116 Ill. App. 3d 852, 452 N.E.2d 835; *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 410 N.E.2d 902.) Moreover, the defendant is a builder-vendor under the definition outlined in *Park v. Sohn* in that he was engaged in the business of building and made a sale of a commercial nature to the plaintiffs. Accordingly, the defendant is liable as a builder-vendor under an implied warranty of habitability.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

KARNS and KASSERMAN, JJ., concur.