*In re* MARRIAGE OF DORIS J. BRANDT, Petitioner-Appellant, and VIRGIL BRANDT, Respondent-Appellee.

Fifth District    No. 5—84—0763

Opinion filed February 19, 1986.

Michael V. Frierdich and Arthur W. Morris, both of Frierdich & Buser, of Columbia, for appellant.

Crowder & Scoggins, Ltd., of Columbia, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Petitioner, Doris J. Brandt, appeals from a judgment entered in the circuit court of Monroe County denying her motion to set aside the marital settlement agreement entered into by petitioner and respondent, Virgil Brandt. Petitioner raises two issues on appeal. The first issue is whether the trial court erred in finding that the agreement was not unconscionable. The second issue is whether the trial court erred in admitting respondent's appraisers' testimony as to the value of certain property over petitioner's objection that the valuations were based upon improper elements.

Petitioner and respondent were married in 1956. Respondent is a self-employed farmer with an eighth grade education. Petitioner, a high school graduate, is employed as an accountant for the Harrisonville Telephone Company and has taken several college level accounting courses. Petitioner and respondent have two daughters, neither of whom are minors.

On September 25, 1982, petitioner and respondent met with an attorney, Floyd Crowder, to discuss the preparation of a marital settlement agreement. While the parties agreed that respondent should retain assets necessary to continue farming and that petitioner should receive a cash settlement, they differed as to what amount of money petitioner should receive. The parties returned to the law office on September 27, 1982, and met with another attorney, Arlie Traughber, who had prepared the marital settlement agreement based upon information obtained at the prior meeting. In summary, the agreement executed by petitioner and respondent provides as follows:

Petitioner was to receive a 1979 Mercury automobile and other miscellaneous items of personal property and $75,000 paid in installments with no interest. Additionally, petitioner was released from all indebtedness incurred by the parties during the marriage.

Respondent was to receive the parties' one-third interest in Brandt, Hatley, and Hoefft, Inc., all real estate and farm equipment, and various items of personal property. Respondent assumed all indebtedness of the parties incurred during the marriage.

Both parties relinquished all rights to support and maintenance.

Section 502(b) of the Illinois Marriage and Dissolution of Marriage Act provides:

> "The terms of the agreement, except those providing for the support, custody, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable." (Ill. Rev. Stat. 1983, ch. 40, par. 502(b).)

Section 502 is designed to promote the amicable settlement of disputes between parties who have decided to dissolve their marriage. (Ill. Rev. Stat. 1983, ch. 40, par. 502(a).) The agreement is binding upon the court, except as it pertains to minor children, unless the agreement is found to be unconscionable. (*In re Marriage of Riedy* (1985), 130 Ill. App. 3d 311, 313, 474 N.E.2d 28, 30; Ill. Rev. Stat. 1983, ch. 40, par. 502(b).) Additionally, all presumptions are in favor of the validity of the agreement. *In re Marriage of Riedy* (1985), 130 Ill. App. 3d 311, 313, 474 N.E.2d 28, 30.

Unconscionability has been equated with one-sidedness or oppressiveness, and an unconscionable bargain has been defined as one no man in his right senses would make and which no fair and honest man would accept. (*In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583, 587-88, 469 N.E.2d 381, 385.) In *In re Marriage of Foster* (1983), 115 Ill. App. 3d 969, 972-73, 451 N.E.2d 915, 918, this court proposed a two-part inquiry into unconscionability. Under this two-part test, the conditions under which the agreement was made and the economic circumstances of the parties resulting from the agreement are to be examined. *In re Marriage of Foster* (1983), 115 Ill. App. 3d 969, 972, 451 N.E.2d 915, 918.

Petitioner contends that the conditions under which the agreement was reached were unconscionable because respondent misrepresented the value of the parties' assets, petitioner was not represented by separate and independent legal counsel, and because the agreement was hastily contrived. We disagree.

At the initial meeting among petitioner, respondent, and Floyd Crowder, the amount of $315,000 was arrived at as representing the net value of the parties' assets. The parties' one-third interest in

Brandt, Hatley and Hoefft, Inc., a corporation involved in farming, and promissory notes in the amount of $37,900 owed to respondent by that corporation were not included in the net value. Although petitioner asserts that she had no independent knowledge of the value of the parties' assets and that respondent misrepresented to her that she had no right to share in the interest in the corporation, there is ample evidence to support the trial court's rejection of this assertion. Respondent and Floyd Crowder testified that petitioner was told only that due to the extreme indebtedness of the corporation, there was no equity in the corporation and it was doubtful that the promissory notes would be paid. Petitioner's request that a paragraph be inserted into the agreement stating that she was to receive her share should the promissory notes be paid and the corporation's financial situation improve illustrates that petitioner was aware of the poor financial circumstances of the corporation. Additionally, it appears from the record that petitioner had knowledge of the extent of the parties' assets.

Petitioner also points to the greater valuation placed upon the parties' assets in two financial statements prepared for the purpose of obtaining loans and by both petitioner's and respondent's appraisers in support of her contention that respondent misrepresented the parties' assets. However, we do not believe that the trial court, as the finder of fact, abused its discretion in disregarding those valuations and finding that respondent did not misrepresent the value of the parties' assets. *In re Marriage of Lee* (1985), 135 Ill. App. 3d 509, 514-15, 481 N.E.2d 1045, 1048.

In an effort to persuade the court that the conditions under which the agreement was prepared caused the agreement to be unconscionable, petitioner alleges that she was not represented by independent legal counsel. Although petitioner asserts that Floyd Crowder and Arlie Traughber were not representing her interest, at trial she testified that she thought Crowder was representing both parties and that if petitioner was not receiving a fair settlement, Crowder would have so informed her. Both Crowder and Traughber expressed the opinion that they were not representing one party over the other, but were helping both reach an agreement.

Petitioner and respondent agreed that the former should receive a cash settlement. Petitioner proposed that she was entitled to 40% of the $315,000 net value of the parties' assets. Respondent countered that he was only willing to pay $50,000. Floyd Crowder testified that he told respondent that petitioner was entitled to a greater amount. Respondent then offered petitioner $60,000, to which petitioner replied that she wanted $100,000. Respondent offered $75,000 and

when petitioner could not entice a higher offer, she accepted $75,000. Petitioner was informed by Crowder that a court would probably divide the assets equally.

Relying upon Rule 5—105(b) of the Code of Professional Responsibility (87 Ill. 2d R. 5—105(b)) petitioner asserts that Crowder should have discontinued representing her when petitioner expressed her initial dissatisfaction with the proposed settlement. It is well established that the attorney representing the concerned parties is in the best position to determine whether a conflict of interest exists. (*Cf. People v. Hope* (1981), 96 Ill. App. 3d 180, 184, 420 N.E.2d 1171, 1174, citing *Holloway v. Arkansas* (1978), 435 U.S. 475, 485, 55 L. Ed. 2d 426, 435, 98 S. Ct. 1173, 1179.) Although representation of both parties to a material settlement agreement is not an ideal arrangement, we do not believe that the attorney's exercise of his independent professional judgment in behalf of respondent necessarily affected his representation of petitioner in the instant case. (87 Ill. 2d R. 5—105(b).) The parties were in agreement that respondent should retain the majority of the property and petitioner should receive a cash settlement. It appears from the record that Crowder attempted to aid the parties in reaching an agreement that would satisfy both petitioner and respondent.

Petitioner also contends that, had Crowder been exercising an independent effort in her behalf, he would not have allowed her to accept $75,000 and relinquish her right to a share of the corporation. However, petitioner was informed that a court would likely award her a greater amount. The agreement should not be disregarded simply because petitioner now has second thoughts and feels she should have received a greater cash settlement. *In re Marriage of Black* (1985), 133 Ill. App. 3d 59, 63, 477 N.E.2d 1359, 1362.

■ Petitioner states that courts have stressed the importance of representation by separate counsel during the preparation of marital settlement agreements. However, in *In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 328 N.E.2d 1005, cited by petitioner, lack of separate counsel was coupled with a finding of extreme coercion in determining that the marital settlement agreement was unconscionable. Petitioner also refers to *In re Marriage of Hawkins* (1982), 106 Ill. App. 3d 68, 435 N.E.2d 786. Yet, in *Hawkins*, the court was confronted with a petition filed under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), which may be pursued in order to vacate or modify a judgment of dissolution where one party has been inequitably treated. (*In re Marriage of Hawkins* (1982), 106 Ill. App. 3d 68, 435 N.E.2d 786.) *Hawkins* is not controlling in the

present case because it does not involve the standard of unconscionability. (*In re Marriage of Perry* (1981), 96 Ill. App. 3d 370, 374, 421 N.E.2d 274, 277.) We believe that Floyd Crowder represented both parties' interests in preparing the agreement and that, even if we were to determine that petitioner was not represented by independent counsel, this factor alone, under the conditions of this agreement, would not lead us to conclude that the agreement was unconscionable.

Nor do we believe that the agreement was hastily contrived as petitioner contends. This is not an instance where the marital settlement agreement was reached only hours before a dissolution hearing incorporating the agreement. (*In re Marriage of Riedy* (1985), 130 Ill. App. 3d 311, 314, 474 N.E.2d 28, 31.) Although petitioner asserts that she was only given 20 minutes to read and sign the agreement, it appears that this is all the time that petitioner chose to devote to the matter. Arlie Traughber stated that he explained to petitioner that she was to receive a cash settlement and that deeds to property were to be executed and titles to the automobiles transferred. The terms of the agreement are relatively simple to comprehend and petitioner was given every opportunity to question any terms she did not understand. Consequently, we determine that the conditions surrounding the formation of the marital settlement agreement do not support a finding of unconscionability.

The next inquiry to be made concerns the economic circumstances of the parties resulting from the agreement. (*In re Marriage of Foster* (1983), 115 Ill. App. 3d 969, 972, 451 N.E.2d 915, 918.) Traditional concepts of unconscionability are to be applied in determining whether the economic situation resulting from the agreement is unconscionable. (*In re Marriage of Foster* (1983), 115 Ill. App. 3d 969, 972, 451 N.E.2d 915, 918.) Furthermore, the propriety of the agreement must be determined in light of the positions and needs of the parties. *In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 930, 428 N.E.2d 1005, 1010.

■ Under our foregoing analysis of the conditions surrounding the preparation of the agreement, we determined that we would not disturb the trial court's finding that respondent did not misrepresent the value of the parties' assets. Petitioner contends that even if the amount of $315,000 is accepted as a realistic representation of the parties' assets, the agreement awarding her $75,000 is unconscionable. We disagree. While the distribution is not equal in that respondent received a greater percentage of the parties' assets, petitioner's award of $75,000 without interest coupled with her annual salary of $26,400 does not leave her destitute. (See, *e.g., In re Marriage of Lee*

(1985), 135 Ill. App. 3d 509, 514, 481 N.E.2d 1045, 1048.) An agreement favoring one party over another is not necessarily unconscionable. (*In re Marriage of Riedy* (1985), 130 Ill. App. 3d 311, 318, 474 N.E.2d 28, 33.) We do not believe that there was an absence of meaningful choice on the part of petitioner, nor do we conclude that the agreement was so one-sided as to be deemed unconscionable. *In re Marriage of Foster* (1983), 115 Ill. App. 3d 969, 973, 451 N.E.2d 915, 919.

■ The second issue raised by the petitioner is whether the trial court erred in admitting respondent's appraisers' testimony over petitioner's objection that the valuations were based upon improper elements. This contention may be summarily dispensed with. Petitioner has failed to establish that the error was substantially prejudicial and affected the outcome of the hearing, (*Hefler v. Wright* (1984), 121 Ill. App. 3d 739, 740, 460 N.E.2d 118, 119), nor has petitioner requested any relief by virtue of the alleged error.

For the foregoing reasons, the judgment of the circuit court of Monroe County denying petitioner's motion to set aside the marital settlement agreement is affirmed.

Affirmed.

KASSERMAN, P.J., and JONES, J., concur.