DEARLOVE COVE CONDOMINIUMS *et al.*, Plaintiffs-Appellees, v. KIN CONSTRUCTION COMPANY, INC., Defendant-Appellant (Josada Builders, Inc., *et al.*, Defendants).

First District (4th Division)   No. 1—87—3711

Opinion filed March 9, 1989.

Gerald M. Petacque and Steven Ackerman, both of Chicago, for appellant.

Walter J. Starck and Lawrence Jay Weiner, both of Schwartz & Freeman, of Chicago, for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal involves a question of whether a complaint alleging a breach of implied warranty of habitability was time barred by the limitations period dealing with building-construction actions. Ill. Rev. Stat. 1983, ch. 110, par. 13—214.

On April 26, 1983, the plaintiffs, Dearlove Cove Condominiums, an Illinois entity, and owners of various condominium units in the Dearlove Cove Condominium project, filed a complaint against Josada Builders, Inc., the general contractor for Dearlove Cove Condominiums, and others to recover damages for faults and defects that appeared in the construction of a condominium development project. On April 1, 1985, the plaintiffs discovered that Josada Builders, not a party to this appeal, was insolvent. On July 21, 1986, the plaintiffs filed an amended complaint adding several defendants, including Kin Construction Company, a subcontractor who performed work under a contract with Josada Builders. in their amended complaint, the plaintiffs sought damages on the basis that Kin Construction breached its implied warranty of habitability. Kin moved to dismiss the complaint on the ground that the plaintiffs' action was time barred by the building-construction statute of limitations. (Ill. Rev. Stat. 1983, ch. 110, par. 13—214.) The motion was denied. Kin appeals pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308).

Section 13—214 provides, in pertinent part:

"(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission.

(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a) of this Section." Ill. Rev. Stat. 1983, ch. 110, pars. 13—214(a), (b).

Kin argues on appeal that under section 13—214(a) the two-year

statute of limitations was triggered when the plaintiffs knew or should have known of the act or omission of Kin which caused the fault or defects. According to Kin, the plaintiffs knew of the act or omission at least as early as April 26, 1983, the date the original complaint was filed against Josada Builders, and therefore, the plaintiffs' complaint against Kin, which was filed July 21, 1986, over three years later, was untimely.

The plaintiffs maintain that their complaint against Kin was timely because it was based on *Minton v. The Richards Group of Chicago* (1983), 116 Ill. App. 3d 852, 452 N.E.2d 835. *Minton* held that where the purchaser of a newly constructed residential property has no recourse against the general contractor by reason of insolvency, and allegedly sustained loss due to defects caused by the subcontractor, the implied warranty of habitability would extend to the subcontractors who participated in the construction of the property. (116 Ill. App. 3d at 855, 452 N.E.2d at 837.) *Minton* followed the reasoning of *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 441 N.E.2d 324, in which the supreme court extended the implied warranty of habitability, as first adopted in *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154, to the benefit of subsequent purchasers of newly constructed residential properties despite the lack of privity between the parties. Relying on the strong public policy enunciated in *Redarowicz* to protect innocent purchasers of newly constructed residential property, the court in *Minton* extended the implied warranty of habitability to subcontractors when the purchaser has no recourse against the general contractor due to insolvency, despite the lack of privity of contract between the purchaser and the subcontractors.

Although *Minton* did not involve a statute of limitations question, the plaintiffs argue that, because under *Minton* their cause of action against Kin did not arise until Josada Builders was insolvent, the statute of limitations under section 13—214(a) is triggered at the time the plaintiffs knew or should have known of Josada Builders' insolvency. The plaintiffs conclude that because they knew of Josada's insolvency on April 1, 1985, the filing of their complaint against Kin Construction on July 21, 1986, 15 months later, was timely under the two-year limitations period of section 13—214(a).

Kin insists that under the clear wording of section 13—214(a), the limitations period is triggered at the time that the plaintiffs knew or should reasonably have known of the *act or omission* of Kin which resulted in faulty or defective construction. Thus, according to Kin, to hold that the limitations period is triggered when the plaintiff had a

cause of action against the subcontractor because of the insolvency of the general contractor would be contrary to the unambiguous language of section 13—214. Kin further argues that the court has no authority to engraft an exception upon a statute of limitations. Finally, Kin argues that to allow the statute to be triggered by the insolvency of the general contractor would be contrary to the public policy of the legislature in enacting section 13—214 to protect those persons involved in the design and construction of buildings from exposure to liability indefinitely.

The plaintiffs respond that holding that the statute of limitations is triggered when the plaintiffs know or reasonably should know of the general contractor's insolvency does not involve creating an exception to the statute of limitations as set forth in section 13—214, but rather involves a construction of the discovery rule contained within this section in light of the particular facts and applicable law. The plaintiffs point out that they had no cause of action against Kin for breach of implied warranty of habitability until Josada Builders became insolvent. To adopt Kin's argument, the statute of limitations would have begun to run when the plaintiffs knew or should have known that Kin performed the faulty work in question, even though Josada Builders was not yet insolvent and the plaintiffs did not yet have a cause of action against Kin. The plaintiffs further argue that barring the cause of action before it existed would undermine the purpose of *Minton*, which, as stated above, is to extend the implied warranty of habitability to subcontractors when the general contractor is insolvent in order to protect innocent purchasers.

■ We agree with the plaintiffs. As long as the plaintiffs' original action against the general contractor is timely, we believe that the plaintiffs should be able to bring their action against the subcontractor within two years from the time at which the plaintiffs knew or reasonably should have known of the existence of the right to sue. (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 70, 250 N.E.2d 656, 664.) Thus, the plaintiffs had two years from the time they knew or should have known of the general contractor's insolvency.

We do not believe that such a holding is inconsistent with the language in section 13—214. The plaintiffs still must bring an action against the general contractor within two years from the time they knew or should reasonably have known of such *act or omission* even if the subcontractor was responsible for the *act or omission*. It is only if and when the general contractor becomes insolvent that the plaintiffs can bring their implied warranty of habitability action against the subcontractor based on that *act or omission*.

Nor do we believe that the legislature's effort to protect those involved in the design and construction of buildings from exposure to liability indefinitely is thwarted. Subsection (b) of section 13—214 contains a 12-year repose period which would bar actions against the general contractor brought more than 12 years after the act or omission which caused the defect. Therefore, the subcontractor would only be liable if the general contractor became insolvent within that 12-year period.

In conclusion we hold that where a plaintiff timely files an action against a general contractor for faults or defects in construction, and that general contractor subsequently becomes insolvent, allowing the plaintiff to bring an action against a subcontractor for breach of implied warranty of habitability under *Minton*, the statute of limitations is triggered at the time that the plaintiff knew or reasonably should have known of the general contractor's insolvency. For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

LINN and McMORROW, JJ., concur.