NOTICE: Under Supreme Court Rule 367 a party has 21 days after

the filing of the opinion to request a rehearing. Also, opinions

are subject to modification, correction or withdrawal at anytime

prior to issuance of the mandate by the Clerk of the Court.

Therefore, because the following slip opinion is being made

available prior to the Court's final action in this matter, it

cannot be considered the final decision of the Court. The

official copy of the following opinion will be published by the

Supreme Court's Reporter of Decisions in the Official Reports

advance sheets following final action by the Court.

                                    

              Docket No. 80342--Agenda 22--September 1996.

    JOHN W. VonHOLDT, JR., Appellant, v. BARBA & BARBA CONSTRUCTION,

                             INC., Appellee.

                     Opinion filed January 30, 1997.

                                    

     JUSTICE MILLER delivered the opinion of the court:

     The plaintiff, John W. VonHoldt, Jr., brought the present

action in the circuit court of Cook County against defendant, Barba

& Barba Construction, Inc. The complaint alleged that defendant

breached an implied warranty of habitability in its construction of

a structural addition to an existing residence. Plaintiff was a

purchaser of the residence after the addition had been made. On

defendant's motion, the circuit court dismissed the action pursuant

to section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615

(West 1994)), finding that plaintiff's second-amended complaint

failed to state a cause of action upon which relief could be

granted. On appeal, the appellate court affirmed the dismissal of

plaintiff's complaint. 276 Ill. App. 3d 325. We granted leave to

appeal (155 Ill. 2d R. 315(a)) and affirm the judgment of the

appellate court on grounds different from those relied on by the

lower courts.

                               I. BACKGROUND

     In August 1982, defendant constructed a multilevel addition to

a single family residence in Glenview, Illinois. Before the

addition, the residence consisted of approximately 2,300 square

feet. After the addition, the residence consisted of approximately

3,200 square feet. More than 11 years later, on November 5, 1993,

plaintiff purchased the residence.

     Shortly after taking occupancy, plaintiff noticed a deflection

of the wood flooring at the partition wall separating the master

bedroom from an adjoining bathroom. This deflection created a

depression in the floor plane. Plaintiff maintained that, due to

the thickness of the carpet, the depression was nearly concealed.

An investigation revealed that the addition was not constructed in

accordance with the architectural plans approved by the Village of

Glenview or the Glenview Building Code. Specifically, the partition

wall between the master bedroom and the bathroom was constructed as

a bearing element supporting a portion of both the roof and ceiling

construction. This variance resulted in excessive stress on the

floor joists and inadequate support for a portion of the roof and

ceiling causing a greater than expected floor deflection.

     The plaintiff instituted the present action on March 28, 1994,

by filing a complaint in the circuit court of Cook County.

Plaintiff sought recovery from the defendant for breach of an

implied warranty of habitability. Defendant moved to dismiss the

complaint pursuant to section 2--615 of the Code of Civil Procedure

(735 ILCS 5/2--615 (West 1992)) for failure to state a claim upon

which relief could be granted. On September 29, 1994, the trial

judge dismissed plaintiff's amended complaint without prejudice.

     Plaintiff filed a second-amended complaint on October 24,

1994, providing additional allegations in support of the breach of

implied warranty of habitability count. Defendant again moved to

dismiss the complaint pursuant to section 2--615. The trial judge

granted defendant's section 2--615 motion and dismissed the

complaint with prejudice, finding that defendant was not a builder-

vendor and that there was an absence of privity between the two

parties. Plaintiff subsequently appealed.

     The appellate court affirmed the judgment of the circuit

court. 276 Ill. App. 3d 325. The appellate court noted the reasons

for the adoption of the implied warranty of habitability between a

builder and a purchaser and discussed extensions of the doctrine

following its inception. 276 Ill. App. 3d at 327-28. The appellate

court further acknowledged that there exist compelling arguments to

extend the implied warranty to apply to a builder of a major

structural addition of an existing home. 276 Ill. App. 3d at 328-

29. The appellate court, however, observed that this court had

always spoken in terms of a right of action against a builder-

vendor. 276 Ill. App. 3d at 329. Thus, it refused to extend

protection under the doctrine to a construction setting not

involving a builder-vendor of a new residence. 276 Ill. App. 3d at

329. We allowed plaintiff's petition for leave to appeal. 155 Ill.

2d R. 315(a).

                              II. DISCUSSION

           A. The Implied Warranty's Applicability to Additions

     On appeal to this court, plaintiff contends that the appellate

court erred in rejecting his claim of breach of an implied warranty

of habitability. Plaintiff asks us to extend the implied warranty

of habitability to a cause of action by a subsequent purchaser for

damages against a builder constructing a later addition to a house.

Defendant argues that the protection of the implied warranty of

habitability should be limited to actions against builder-vendors

and that plaintiff's action, if any exists, is time-barred. For the

reasons expressed below, we find that the implied warranty of

habitability extends to cases brought by subsequent purchasers

involving subsequent additions to homes.

     The implied warranty of habitability is a judicially created

doctrine designed to avoid the unjust results of caveat emptor and

the doctrine of merger. Petersen v. Hubschman Construction Co., 76

Ill. 2d 31, 39-40 (1979). Initially, Illinois courts applied the

doctrine to the sale of new homes to protect innocent purchasers

who did not possess the ability to determine whether the house they

purchased contained latent defects. Petersen, 76 Ill. 2d at 39-40.

     In Petersen, this court held that the purchaser of a new home

has a cause of action against a builder-vendor for damages

resulting from latent defects in the construction of the new home.

Petersen, 76 Ill. 2d at 39-40. Petersen stated the owner needs this

protection because he is making a major investment, in many

instances the largest single investment of his life. Petersen, 76

Ill. 2d at 40. Additionally, the owner usually relies on the

integrity and skill of the builder, who is in the business of

building houses. Petersen, 76 Ill. 2d at 40. Finally, the owner has

a right to expect to receive a house that is reasonably fit for use

as a residence. Petersen, 76 Ill. 2d at 40.

     Since Petersen, Illinois courts have defined and extended the

circumstances under which claims based on an implied warranty of

habitability can be recognized. See Park v. Sohn, 89 Ill. 2d 453

(1982) (builder-vendor need not be mass producer, just one engaged

in the business of building such that the sale is of a commercial

nature); McClure v. Sennstrom, 267 Ill. App. 3d 277 (1994) (house

built upon foundation of an old house still qualified as a "new"

home); Hefler v. Wright, 121 Ill. App. 3d 739 (1984) (doctrine

applies to person who erected a house manufactured by another

company and built on the plaintiff's land); Briarcliffe West

Townhouse Owners Ass'n v. Wiseman Construction Co., 118 Ill. App.

3d 163 (1983) (latent defect in common land can affect

habitability); Minton v. Richards Group, 116 Ill. App. 3d 852

(1983) (innocent purchaser could bring an action against a

subcontractor when he had no recourse to the builder-vendor and he

had sustained a loss in his home due to a latent defect); Tassan v.

United Development Co., 88 Ill. App. 3d 581 (1980) (doctrine

applies against developer-seller of new condominium unit).

     Plaintiff claims that the implied warranty of habitability

should now be extended to include actions against a builder brought

by a subsequent purchaser for latent defects in a later addition to

a home. In Kelley v. Astor Investors, Inc., 106 Ill. 2d 505 (1985),

this court held that the defendants were not subject to the implied

warranty of habitability for a condominium-conversion project. The

court held that the doctrine of implied warranty of habitability

did not apply because the refurbishing and renovation of the

project had not been significant. Kelley, 106 Ill. 2d at 509. In

the present case, the builder made a major addition to an existing

home. We now hold that, when a builder makes a significant addition

to a previously built home, an action for damages resulting from

latent defects affecting habitability exists under the doctrine of

implied warranty of habitability.

     An owner claiming that latent defects exist in a major

addition to a structure should be provided the same protection for

the addition as that given to the owners in Petersen and its

progeny. In both cases, the owner of the house usually has little

knowledge regarding the construction. The purchaser of both a

completed home and an addition places the same trust in the builder

that the structure being erected is suitable for living. Further,

the ordinary buyer is not in a position to discover hidden defects

in a structure even through the exercise of ordinary and reasonable

care.

     We must next determine whether the plaintiff can bring this

action even though he is a subsequent purchaser. In Redarowicz v.

Ohlendorf, 92 Ill. 2d 171, 183 (1982), this court extended the

implied warranty of habitability to subsequent purchasers of a new

home, finding that there was no need for privity of contract

because the warranty of habitability exists independently of the

contract for sale. Because the doctrine of implied warranty of

habitability has been extended to actions by subsequent purchasers

of new homes, we can see no reason why the doctrine should not be

extended to actions by subsequent purchasers of a home for latent

defects in a significant addition to the home made prior to the

time of sale.

     We hold that a subsequent purchaser has a cause of action for

damages resulting from a breach of the implied warranty of

habitability for latent defects caused in the construction of a

significant structural addition to an existing residence. The

decision of whether there is a latent defect in a significant

construction by one engaged in the business of building is a

question of fact to be determined in the trial court.

     We note that this extension is consistent with decisions from

other states. In Lempke v. Dagenais, 130 N.H. 782, 547 A.2d 290

(1988), the Supreme Court of New Hampshire allowed a claim for a

breach of the implied warranty of workmanlike quality by a

subsequent purchaser against a builder who had added a garage to

the house. In an unsuccessful suit against a contractor who had

merely added a patio to a house, the Supreme Court of New Jersey

stated that actions could be brought under the implied warranty of

habitability so long as the defect in the construction was

sufficiently serious to affect the home's habitability. Aronsohn v.

Mandara, 98 N.J. 92, 484 A.2d 675 (1984). In the case before us, it

is reasonable to conclude that a defect in a multilevel addition

increasing the size of the original house by almost 40% could

affect its habitability.

                         B. Time-Barred Limitation

     Having determined that a cause of action exists, we must next

determine whether it is time-barred. In the trial court, defendant

claimed that section 13--214 of the Code of Civil Procedure barred

plaintiff from recovery because more than 10 years had elapsed from

the time the addition was constructed. See 735 ILCS 5/13--214(b)

(West 1994). In its brief before this court, however, defendant

adopts the language of Redarowicz and asserts that plaintiff cannot

recover because the action has not been brought "within a

reasonable time." Redarowicz, 92 Ill. 2d at 185. Because neither

court addressed the issue in dismissing plaintiff's original or

amended complaints, plaintiff contends the lower courts accepted

the 11-year gap as reasonable for bringing suit. Plaintiff further

asserts that the time within which an action may be brought should

start on the date the subsequent purchaser takes ownership of the

premises, not from the date of completion of construction.

     Because the parties have neither briefed nor argued in this

court whether it is the repose provision of section 13--214 of the

Code of Civil Procedure or the "reasonable time" standard of

Redarowicz that controls the time limitation here, we do not decide

that question today.

     We believe, however, that under either of defendant's

theories--the repose period of section 13--214 or the "reasonable

time" standard of Redarowicz--the 11-year gap between the time of

the construction and the claim for damages resulting from a latent

defect bars plaintiff from recovery in this case. Under section 13-

-214 of the Code of Civil Procedure, plaintiff's action is barred

because it has been longer than 10 years since the date of

construction of the addition. Further, under the "reasonable time"

standard of Redarowicz, we find the 11-year period between the date

of the act or omission causing the defect and the time the action

was brought to be an unreasonable time to hold a builder liable. A

builder cannot be a lifetime guarantor of construction, susceptible

to a claim for damages under the implied warranty of habitability

beyond the foreseeable future. We therefore hold that the

reasonable time for bringing a cause of action under the

"reasonable time" standard of Redarowicz begins with the act or

omission causing the defect rather than the date on which the

subsequent purchaser takes title to the property.

     Because plaintiff would not prevail whether the claim must be

brought within 10 years under the statute of repose or within a

reasonable time under Redarowicz, we find that the claim is time-

barred.

                              III. CONCLUSION

     For the foregoing reasons, we hold that actions for damages

from latent defects in the construction of a significant structural

addition to an existing residence can be brought against the

builder by subsequent purchasers under the doctrine of implied

warranty of habitability. However, because here the action was

time-barred under either the statute of repose of section 13--214

of the Code or the "reasonable time" doctrine of Redarowicz,

plaintiff's complaint was properly dismissed. We therefore affirm

the judgment of the appellate court.

Affirmed.

     CHIEF JUSTICE HEIPLE, dissenting:

     The majority decision expands habitability liability for all

mechanics, artisans, contractors, and home renovators who make

significant additions to already existing structures. This new

liability runs in favor of subsequent home buyers in the complete

absence of privity of contract. This is new law which opens up vast

possibilities for new causes of action. The opinion leaves to

future decisions the definition of "significant addition." That

this expanded liability will increase the cost of home improvements

cannot be doubted. It is a basic law of economics that there is no

free lunch. For a society that is already wallowing in law suits,

it seems to me that this judicial expansion of liability into new

and undefined areas would be better left to the state legislature.

Accordingly, I respectfully dissent.

     JUSTICE NICKELS joins in this dissent.