(No. 80342

JOHN W. VonHOLDT, JR., Appellant, v. BARBA & BARBA CONSTRUCTION, INC., Appellee.

*Opinion filed January 30, 1997.—Rehearing denied March 31, 1997.*

HEIPLE, C.J., joined by NICKELS, J., dissenting.

George E. Brogan, of Evergreen Park, for appellant.

Law Offices of Kenneth A. Swartz, Ltd., of Morton Grove (Gene A. Eich, of counsel), for appellee.

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, John W. VonHoldt, Jr., brought the present action in the circuit court of Cook County against defendant, Barba & Barba Construction, Inc. The complaint alleged that defendant breached an implied warranty of habitability in its construction of a structural addition to an existing residence. Plaintiff was a purchaser of the residence after the addition had been made. On defendant's motion, the circuit court dismissed the action pursuant to section 2—615 of the

Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)), finding that plaintiff's second-amended complaint failed to state a cause of action upon which relief could be granted. On appeal, the appellate court affirmed the dismissal of plaintiff's complaint. 276 Ill. App. 3d 325. We granted leave to appeal (155 Ill. 2d R. 315(a)) and affirm the judgment of the appellate court on grounds different from those relied on by the lower courts.

## I. BACKGROUND

In August 1982, defendant constructed a multilevel addition to a single family residence in Glenview, Illinois. Before the addition, the residence consisted of approximately 2,300 square feet. After the addition, the residence consisted of approximately 3,200 square feet. More than 11 years later, on November 5, 1993, plaintiff purchased the residence.

Shortly after taking occupancy, plaintiff noticed a deflection of the wood flooring at the partition wall separating the master bedroom from an adjoining bathroom. This deflection created a depression in the floor plane. Plaintiff maintained that, due to the thickness of the carpet, the depression was nearly concealed. An investigation revealed that the addition was not constructed in accordance with the architectural plans approved by the Village of Glenview or the Glenview Building Code. Specifically, the partition wall between the master bedroom and the bathroom was constructed as a bearing element supporting a portion of both the roof and ceiling construction. This variance resulted in excessive stress on the floor joists and inadequate support for a portion of the roof and ceiling causing a greater than expected floor deflection.

The plaintiff instituted the present action on March 28, 1994, by filing a complaint in the circuit court of Cook County. Plaintiff sought recovery from the defendant for breach of an implied warranty of habitability.

Defendant moved to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)) for failure to state a claim upon which relief could be granted. On September 29, 1994, the trial judge dismissed plaintiff's amended complaint without prejudice.

Plaintiff filed a second-amended complaint on October 24, 1994, providing additional allegations in support of the breach of implied warranty of habitability count. Defendant again moved to dismiss the complaint pursuant to section 2—615. The trial judge granted defendant's section 2—615 motion and dismissed the complaint with prejudice, finding that defendant was not a builder-vendor and that there was an absence of privity between the two parties. Plaintiff subsequently appealed.

The appellate court affirmed the judgment of the circuit court. 276 Ill. App. 3d 325. The appellate court noted the reasons for the adoption of the implied warranty of habitability between a builder and a purchaser and discussed extensions of the doctrine following its inception. 276 Ill. App. 3d at 327-28. The appellate court further acknowledged that there exist compelling arguments to extend the implied warranty to apply to a builder of a major structural addition of an existing home. 276 Ill. App. 3d at 328-29. The appellate court, however, observed that this court had always spoken in terms of a right of action against a builder-vendor. 276 Ill. App. 3d at 329. Thus, it refused to extend protection under the doctrine to a construction setting not involving a builder-vendor of a new residence. 276 Ill. App. 3d at 329. We allowed plaintiff's petition for leave to appeal. 155 Ill. 2d R. 315(a).

## II. DISCUSSION

### A. The Implied Warranty's Applicability to Additions

On appeal to this court, plaintiff contends that the

appellate court erred in rejecting his claim of breach of an implied warranty of habitability. Plaintiff asks us to extend the implied warranty of habitability to a cause of action by a subsequent purchaser for damages against a builder constructing a later addition to a house. Defendant argues that the protection of the implied warranty of habitability should be limited to actions against builder-vendors and that plaintiff's action, if any exists, is time-barred. For the reasons expressed below, we find that the implied warranty of habitability extends to cases brought by subsequent purchasers involving subsequent additions to homes.

The implied warranty of habitability is a judicially created doctrine designed to avoid the unjust results of *caveat emptor* and the doctrine of merger. *Petersen v. Hubschman Construction Co.*, 76 Ill. 2d 31, 39-40 (1979). Initially, Illinois courts applied the doctrine to the sale of new homes to protect innocent purchasers who did not possess the ability to determine whether the house they purchased contained latent defects. *Petersen*, 76 Ill. 2d at 39-40.

In *Petersen*, this court held that the purchaser of a new home has a cause of action against a builder-vendor for damages resulting from latent defects in the construction of the new home. *Petersen*, 76 Ill. 2d at 39-40. *Petersen* stated the owner needs this protection because he is making a major investment, in many instances the largest single investment of his life. *Petersen*, 76 Ill. 2d at 40. Additionally, the owner usually relies on the integrity and skill of the builder, who is in the business of building houses. *Petersen*, 76 Ill. 2d at 40. Finally, the owner has a right to expect to receive a house that is reasonably fit for use as a residence. *Petersen*, 76 Ill. 2d at 40.

Since *Petersen*, Illinois courts have defined and extended the circumstances under which claims based

on an implied warranty of habitability can be recognized. See *Park v. Sohn*, 89 Ill. 2d 453 (1982) (builder-vendor need not be mass producer, just one engaged in the business of building such that the sale is of a commercial nature); *McClure v. Sennstrom*, 267 Ill. App. 3d 277 (1994) (house built upon foundation of an old house still qualified as a "new" home); *Hefler v. Wright*, 121 Ill. App. 3d 739 (1984) (doctrine applies to person who erected a house manufactured by another company and built on the plaintiff's land); *Briarcliffe West Townhouse Owners Ass'n v. Wiseman Construction Co.*, 118 Ill. App. 3d 163 (1983) (latent defect in common land can affect habitability); *Minton v. Richards Group*, 116 Ill. App. 3d 852 (1983) (innocent purchaser could bring an action against a subcontractor when he had no recourse to the builder-vendor and he had sustained a loss in his home due to a latent defect); *Tassan v. United Development Co.*, 88 Ill. App. 3d 581 (1980) (doctrine applies against developer-seller of new condominium unit).

Plaintiff claims that the implied warranty of habitability should now be extended to include actions against a builder brought by a subsequent purchaser for latent defects in a later addition to a home. In *Kelley v. Astor Investors, Inc.*, 106 Ill. 2d 505 (1985), this court held that the defendants were not subject to the implied warranty of habitability for a condominium-conversion project. The court held that the doctrine of implied warranty of habitability did not apply because the refurbishing and renovation of the project had not been significant. *Kelley*, 106 Ill. 2d at 509. In the present case, the builder made a major addition to an existing home. We now hold that, when a builder makes a significant addition to a previously built home, an action for damages resulting from latent defects affecting habitability exists under the doctrine of implied warranty of habitability.

An owner claiming that latent defects exist in a ma-

jor addition to a structure should be provided the same protection for the addition as that given to the owners in *Petersen* and its progeny. In both cases, the owner of the house usually has little knowledge regarding the construction. The purchaser of both a completed home and an addition places the same trust in the builder that the structure being erected is suitable for living. Further, the ordinary buyer is not in a position to discover hidden defects in a structure even through the exercise of ordinary and reasonable care.

We must next determine whether the plaintiff can bring this action even though he is a subsequent purchaser. In *Redarowicz v. Ohlendorf*, 92 Ill. 2d 171, 183 (1982), this court extended the implied warranty of habitability to subsequent purchasers of a new home, finding that there was no need for privity of contract because the warranty of habitability exists independently of the contract for sale. Because the doctrine of implied warranty of habitability has been extended to actions by subsequent purchasers of new homes, we can see no reason why the doctrine should not be extended to actions by subsequent purchasers of a home for latent defects in a significant addition to the home made prior to the time of sale.

We hold that a subsequent purchaser has a cause of action for damages resulting from a breach of the implied warranty of habitability for latent defects caused in the construction of a significant structural addition to an existing residence. The decision of whether there is a latent defect in a significant construction by one engaged in the business of building is a question of fact to be determined in the trial court.

We note that this extension is consistent with decisions from other states. In *Lempke v. Dagenais*, 130 N.H. 782, 547 A.2d 290 (1988), the Supreme Court of New Hampshire allowed a claim for a breach of the implied

warranty of workmanlike quality by a subsequent purchaser against a builder who had added a garage to the house. In an unsuccessful suit against a contractor who had merely added a patio to a house, the Supreme Court of New Jersey stated that actions could be brought under the implied warranty of habitability so long as the defect in the construction was sufficiently serious to affect the home's habitability. *Aronsohn v. Mandara*, 98 N.J. 92, 484 A.2d 675 (1984). In the case before us, it is reasonable to conclude that a defect in a multilevel addition increasing the size of the original house by almost 40% could affect its habitability.

### B. Time-Barred Limitation

Having determined that a cause of action exists, we must next determine whether it is time-barred. In the trial court, defendant claimed that section 13—214 of the Code of Civil Procedure barred plaintiff from recovery because more than 10 years had elapsed from the time the addition was constructed. See 735 ILCS 5/13—214(b) (West 1994). In its brief before this court, however, defendant adopts the language of *Redarowicz* and asserts that plaintiff cannot recover because the action has not been brought "within a reasonable time." *Redarowicz*, 92 Ill. 2d at 185. Because neither court addressed the issue in dismissing plaintiff's original or amended complaints, plaintiff contends the lower courts accepted the 11-year gap as reasonable for bringing suit. Plaintiff further asserts that the time within which an action may be brought should start on the date the subsequent purchaser takes ownership of the premises, not from the date of completion of construction.

Because the parties have neither briefed nor argued in this court whether it is the repose provision of section 13—214 of the Code of Civil Procedure or the "reasonable time" standard of *Redarowicz* that controls the time limitation here, we do not decide that question today.

We believe, however, that under either of defendant's theories—the repose period of section 13—214 or the "reasonable time" standard of *Redarowicz*—the 11-year gap between the time of the construction and the claim for damages resulting from a latent defect bars plaintiff from recovery in this case. Under section 13—214 of the Code of Civil Procedure, plaintiff's action is barred because it has been longer than 10 years since the date of construction of the addition. Further, under the "reasonable time" standard of *Redarowicz*, we find the 11-year period between the date of the act or omission causing the defect and the time the action was brought to be an unreasonable time to hold a builder liable. A builder cannot be a lifetime guarantor of construction, susceptible to a claim for damages under the implied warranty of habitability beyond the foreseeable future. We therefore hold that the reasonable time for bringing a cause of action under the "reasonable time" standard of *Redarowicz* begins with the act or omission causing the defect rather than the date on which the subsequent purchaser takes title to the property.

Because plaintiff would not prevail whether the claim must be brought within 10 years under the statute of repose or within a reasonable time under *Redarowicz*, we find that the claim is time-barred.

## III. CONCLUSION

For the foregoing reasons, we hold that actions for damages from latent defects in the construction of a significant structural addition to an existing residence can be brought against the builder by subsequent purchasers under the doctrine of implied warranty of habitability. However, because here the action was time-barred under either the statute of repose of section 13—214 of the Code or the "reasonable time" doctrine of *Redarowicz*, plaintiff's complaint was properly dis-

missed. We therefore affirm the judgment of the appellate court.

*Affirmed.*

CHIEF JUSTICE HEIPLE, dissenting:

The majority decision expands habitability liability for all mechanics, artisans, contractors, and home renovators who make significant additions to already existing structures. This new liability runs in favor of subsequent home buyers in the complete absence of privity of contract. This is new law which opens up vast possibilities for new causes of action. The opinion leaves to future decisions the definition of "significant addition." That this expanded liability will increase the cost of home improvements cannot be doubted. It is a basic law of economics that there is no free lunch. For a society that is already wallowing in law suits, it seems to me that this judicial expansion of liability into new and undefined areas would be better left to the state legislature. Accordingly, I respectfully dissent.

JUSTICE NICKELS joins in this dissent.