No. 3--97--0816

                                                                  

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

                                                                  

GERALD T. ANDREOLI and IRENE M. ) Appeal from the Circuit

ANDREOLI, ) Court of Du Page County

)

Plaintiffs-Appellants, ) No. 96--LM--3828

) 

v. )

)

JOHN HENRY HOMES, INC.,         ) Honorable

) C. Stanley Austin,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Gerald T. Andreoli and Irene M. Andreoli, appeal the order of the circuit court of Du Page County that dismissed their amended complaint as time-barred in favor of defendant, John Henry Homes, Inc.  We reverse and remand.

Plaintiffs contracted with defendant to design and build a two-story home, which was completed in November 1986.  In January or February of 1996, plaintiffs noticed that the rear wall of the home had begun to "buckle" in the middle and that the second story had begun to "sag" into the first floor.  On November 25, 1996, plaintiffs filed a complaint against defendants for breach of contract.  The complaint was dismissed due to a one-year express warranty provision in the contract.  Plaintiffs filed an amended complaint in March 1997, alleging that, because of the nature of the defects in their home, defendant breached its implied warranty of habitability.  The trial court granted defendant’s motion to dismiss under section 2--619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2--619(a)(5)(West 1996)) on the basis that plaintiffs’ complaint was barred by the statute of limitations.  Plaintiffs timely appeal.

Initially, we note that a motion to dismiss under section 2--619 admits all well-pleaded facts.  
Geick v. Kay
, 236 Ill. App. 3d 868, 874 (1992).  Moreover, a reviewing court is not required to defer to the trial court's judgment on a motion to dismiss, and, therefore, we review the matter 
de
 
novo
.  
T&S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App  3d 1080, 1083-84 (1994).

Plaintiffs contend that their action was timely filed under section 13--214 of the Code of Civil Procedure (735 ILCS 5/13--214 (West 1996)).  Section 13--214(b) provides:

“(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission.  However, any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action as provided in subsection (a) of this Section.”  735 ILCS 5/13--214(b) (West 1996). 

Defendant contends that neither section 13--214 nor any other statute of limitations applies to an action for breach of an implied warranty of habitability because it is a judicially created right, which only the judiciary can limit.  Defendant asserts that 
VonHoldt v. Barba & Barba Construction, Inc.
, 175 Ill. 2d 426 (1997), set the proper standard regarding the timeliness of an action based upon breach of an implied warranty of habitability.  

Defendant’s argument is flawed.  First, the statute of limitations applies to all actions regardless of whether the action is derived from statutory or common law.  Indeed, it is well established that common law prevails only if it is not regulated by statute or rule of court.  See, 
e.g.
, 735 ILCS 5/1--108(c) (West 1996)("As to all matters not regulated by statute or rule of court, the practice at common law prevails"). 

Second, 
VonHoldt
 did not adopt a time limitations standard for bringing an action for breach of an implied warranty of habitability.  In fact, the court never decided whether section 13--214 or the "reasonable time" standard, adopted by 
Redarowicz v. Ohlendorf
, 92 Ill. 2d 171 (1982), controlled the time limitation because neither party briefed or argued it to the court.  Rather, the court found that under either theory, the repose section of 13--214 or the "reasonable time" standard of 
Redarowicz
, the 11-year gap between the time of the construction and the claim for damages resulting from a latent defect barred the plaintiff from recovery.  
VonHoldt
, 175 Ill. 2d at 434.  

In 
VonHoldt
, the plaintiff purchased a residence after an addition to the existing residence had been made.  The court held that the implied warranty of habitability extended to cases brought by subsequent purchasers involving additions to homes.  
VonHoldt
, 175 Ill. 2d at 432.  Having determined that a cause of action existed, the court proceeded to determine whether the plaintiff’s claim was time-barred.  The court explained that under section 13--214 the plaintiff’s action was barred because the claim was discovered more than 10 years from the date of construction of the addition.  
VonHoldt
, 175 Ill. 2d at 434.  The court further found that, under the "reasonable time" standard
, the 11-year period between the date of the act or omission causing the defect and the time the action was brought by a subsequent purchaser was an unreasonable time to hold a builder liable.  The court could not hold a builder to be a lifetime guarantor of construction, susceptible to a claim for damages under the implied warranty of habitability, beyond the foreseeable future.  
VonHoldt
, 175 Ill. 2d at 434.

We agree with plaintiff that section 13--214 applies to actions based on the breach of an implied warranty of habitability.  Section 13--214 involves those concerned with the management and supervision of "Construction-Design."  It applies to "[a]ctions based upon tort, contract or otherwise ***."  735 ILCS 5/13--214 (West 1996).  Several courts have applied section 13--214 to actions against persons involved in construction-related activities based on allegations of the breach of the implied warranty of habitability.  See, 
e.g.
, 
Eickmeyer v. Blietz Organization, Inc.
, 284 Ill. App. 3d 134 (1996); 
Schleyhahn v. Cole
, 178 Ill. App. 3d 111, 114 (1989); see also 
Zielinski v. Miller
, 277 Ill. App. 3d 735, 741 (1995) (implied warranty of workmanship and materials). 
   We also find that plaintiffs were not time-barred from bringing their action.  Section 13--214(b) provides that a plaintiff must commence an action within four years from the time  the plaintiff knew or reasonably should have known of the builder’s act or omission.  In any event, under this section, the discovery must occur within 10 years.  When the act or omission is discovered  prior to the expiration of the 10-year period, plaintiffs then have four years to bring their action.  735 ILCS 5/13--214(b)(West 1996);
 
Schleyhahn
, 178 Ill. App. 3d at 114.  Plaintiffs discovered the defect in January or February 1996 and filed their complaint in November 1996, within four years.  

However, it remains to determine whether plaintiffs’ discovery was made prior to the expiration of the 10-year period.  Defendant argues that the discovery occurred after the 10-year period because plaintiffs’ home was constructed between the date the parties contracted to buy the house, in December 1985, and the date of final acceptance, in November 1986, and plaintiffs discovered the alleged defect in January or February 1996.  Plaintiffs contend that the time should be accrued from the time construction was completed or from the date of closing, in November 1986, when plaintiffs gained possession of the house.  We agree that the time should accrue from the date of conveyance.  

Although no case has specifically concluded that the time for discovery should accrue from the time of completion and neither party has cited to one, other cases have implied that accrual for limitation purposes should begin upon the completion of the project.  For example, in
 
Eickmeyer v. Blietz Organization, Inc.
, 284 Ill. App. 3d 134 (1996), the court held that, according to section 13--214(b), a plaintiff who brings an action against a builder for breach of implied warranty of habitability must file suit within 10 years from the time the house was built.  In that case, the house was constructed in the winter of 1976 and was sold in April 1977.  The court computed the statute from the date the house was sold in 1977, finding that the suit should have been filed by 1987 to avoid the time bar.  
Eickmeyer
, 284 Ill. App. 3d at 139.  See also 
Zielinski v. A. Epstein & Sons International, Inc.
, 179 Ill. App. 3d 340 (1989)(damages barred by statute of limitations from time construction was completed).  Additionally, it is clear that purchasers of a new home would have no reason to know of any alleged structural defects until they had possession of and lived in their new home.  See 
Axia Inc. v. I.C. Harbour Construction Co.
, 150 Ill. App. 3d 645 (1986)(statute of limitations begins to run when party becomes possessed with sufficient information concerning its injury and the causes of the injury; plaintiff possessed requisite information from date of completion).  We hold, therefore, that the time of accrual under section 13--214(b) governing a purchaser’s suit against a builder to recover for latent defects in the purchaser’s new house begins from the date when the house is conveyed.  Because plaintiffs’ cause of action  arose within 10 years from the date the house was conveyed, it was timely filed.

Defendant argues that the filing of the complaint was the first notification of a problem and that it was unreasonable for plaintiffs to wait to file their complaint nine months after they discovered the alleged defect.  We do not find it relevant that plaintiffs did not notify defendant of the defect until their complaint was filed; there simply is no such requirement in the statute.  "The fact that plaintiffs did not immediately rush to the courthouse should not redound to the benefit of defendant so long as the plaintiffs’ discovery came within the statutory limitation period and the action was commenced within the four-year grace period."  
Schleyhahn
, 178 Ill. App. 3d at 116.

In closing, we note that defendant also argues that plaintiffs’ amended complaint was untimely because it was filed in March 1997.  Even if the relevant filing date did not occur until March 1997, the amended complaint was still filed within four years from the date of discovering the defect and within the applicable 10-year period of repose under section 13--214(b).

For the foregoing reasons, the decision of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded. 

McLAREN and HUTCHINSON, JJ., concur.