**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210418-U

Order filed June 29, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| JEFFERY S. WALDIER and DONNA J. WALDIER, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0418 Circuit No. 21-SC-3102 |
| VILLAGE OF FRANKFORT; ROBINSON ENGINEERING, LTD.; and P.T. FERRO CONSTRUCTION COMPANY, | ) ) ) ) | Honorable Domenica Ann Osterberger, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  (1) Trial court properly dismissed civil action against local municipality based on Tort Immunity Act's one-year statute of limitations; and
(2) Trial court did not err in dismissing tort claim against engineering firm and construction company under economic loss doctrine.

¶ 2     Plaintiffs, Jeffery S. Waldier and Donna J. Waldier, appeal from the circuit court's order

dismissing their small claims complaint against the Village of Frankfort (Village), Robinson

Engineering, Ltd. (Robinson Engineering), and P.T. Ferro Construction Company (Ferro Construction), alleging property damage caused by defendants' regrading project. We affirm.

## I. BACKGROUND

In the fall of 2019, the Village directed a project altering the grading of swales and ditches on Saint Andrews Way in Frankfort. Robinson Engineering designed the specifications for the project, and Ferro Construction regraded the ditches and reconstructed the roadway.

On April 27, 2021, plaintiffs filed a small claims complaint against the Village, Robinson Engineering, and Ferro Construction, alleging that their actions caused damage to their property in that "storm water no longer flowed properly and became stagnant." In the complaint, plaintiffs stated that they notified the Village of the improper grading and resulting damage in October 2019. Plaintiffs further alleged that after months of unsuccessful negotiations with the Village to correct the condition, they restored the property at their own expense. They claimed defendants were liable for the damages incurred because the regrading project failed to comply with storm water drainage standards prescribed by Village Ordinance No. 2392 and that the Village failed to enforce those standards with respect to its agents Robinson Engineering and Ferro Construction.

Defendants moved to dismiss the complaint under sections 2-619 and 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a) (West 2020); *id.* § 2-619.1). In its motions, the Village claimed that the complaint was time barred by the one-year statute of limitations that applies to civil actions filed against local municipalities (745 ILCS 10/8-101(a) (West 2020)). In their motions, Robinson Engineering and Ferro Construction maintained that they had no contractual relationship with plaintiffs and dismissal was warranted pursuant to the economic loss doctrine. The trial court agreed and granted defendants' motions, dismissing plaintiffs' complaint.

## II. ANALYSIS

¶ 8        Plaintiffs appeal, claiming that the trial court erred in dismissing the complaint based on the statute of limitations and the economic loss doctrine. We review *de novo* the trial court's judgment granting a motion to dismiss under section 2-619 of the Code. *O'Connell v. County of Cook*, 2022 IL 127527, ¶ 19.

¶ 9                              A. Statute of Limitations

¶ 10        Section 8-101(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) provides that:

> "(a) No civil action other than an action described in subsection (b) may be commenced in any court against any local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a) (West 2020).

A cause of action "accrues" when facts exist that authorize the bringing of an action. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 20. In tort, a cause of action accrues when all the elements of a claim are present, *i.e.*, duty, breach, and resulting injury or damage. *Id.*

¶ 11        Here, as alleged in plaintiffs' complaint, the date the alleged injury occurred and the date the cause of action accrued is October 2019. Thus, any civil action for damages had to be commenced within one year of that date. Plaintiffs did not file the claim until April 27, 2021, more than 18 months after the alleged injury.

¶ 12        On appeal, for the first time, plaintiffs allege that the did not know that a cause of action accrued until June 2020, when negotiations broke down and the Village refused to repair the damage. However, continuing ill effects is not the same as a continuing action resulting in ongoing injury. *Roark v. Macoupin Creek Drainage District*, 316 Ill. App. 3d 835, 847 (2000) (a continuing violation arises from continual unlawful conduct, not from continual ill effects as a result of an

initial violation). "[W]here a single overt action, rather than a series of acts, produces continued ill effects or injury, the statute of limitations begins to run at the time the single overt action occurred." *Id.* In this case, plaintiffs' tort claim is based a single initial violation, *i.e.*, the regrading construction project that occurred in the fall of 2019. Therefore, plaintiffs had until the fall of 2020 to file a complaint against the Village. Since they did not file their complaint within one year of the alleged injury and cause of action accruing, their claim against the Village is barred by the Tort Immunity Act's statute of limitations.

¶ 13                                B. Economic Loss Doctrine

¶ 14        Under the economic loss doctrine in Illinois, a plaintiff is unable to recover for purely economic losses in a claim sounding in tort. *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69 (1982). The economic losses doctrine applies to damages for the cost of repair or replacement, as well as services. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill. 2d 137, 160-61 (1994). The doctrine bars tortious actions for economic losses against construction companies and engineers where no contractual relationship exists. See *Sienna Court Condominium Ass'n v. Champion Aluminum Corp.*, 2018 IL 122022, ¶ 21; *Fireman's Fund Insurance Co. v. SEC Donohue, Inc.*, 176 Ill. 2d 160, 168-70 (1997).

¶ 15        In this case, plaintiffs cannot recover against Robinson Engineering or Ferro Construction as they are seeking purely economic losses in tort. In making their claim, plaintiffs admit that they do not have a contractual relationship with Robinson Engineering or Ferro Construction, and they fail to suggest how they are otherwise in privity with them. The record, in fact, fails to reveal any contractual agreement between plaintiffs and defendants regarding the storm water regrading project. Because plaintiffs are not in privity with Robinson Engineering or Ferro Construction, their claims of negligence, based in tort, are barred by the economic loss doctrine.

4

¶ 16     Plaintiffs attempt, without citation to any legal authority, to circumvent the economic loss doctrine by claiming that section 2.02D(3) of Village Ordinance No. 2392 imposes a duty on Robinson Engineering and Ferro Construction and provides a private right of action against them. Their argument is unavailing.

¶ 17     When a statute proscribing certain conduct does not expressly provide for a private right of action to redress violations of its provisions, a court will sometimes find an implied private right of action in that statute. *1541 North Bosworth Condominium Ass'n v. Hanna Architects, Inc.*, 2021 IL App (1st) 200594, ¶ 34. To find an implied right of action, a court must determine that: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to protect; (3) implying a private right of action would be consistent with the purposes of the statute and the overall statutory scheme; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute. *Metzger v. DaRosa*, 209 Ill. 2d 30, 36 (2004). We will recognize an implied right of action in a statute only if the plaintiff demonstrates all four factors. *Abbasi ex rel. Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 396 (1999) (refusing to recognize a private cause of action under the Lead Poisoning Prevention Act and a local municipal code because the fourth factor was not established).

¶ 18     Section 2.02D(3) of Village Ordinance No. 2392 provides:

"No person shall construct, enlarge, alter, repair, or maintain any grading, excavation or fill, cause the same to be done, contrary to or in violation of any terms of this ordinance. Any person violating any provisions [*sic*] of this ordinance shall be deemed guilty of a misdemeanor ***. Upon conviction of such violation, any person, partnership, or corporation shall be punished by a fine of not more than ($750) for each offense per day. In addition to any other penalty authorized by this section, any person, partnership, or

5

corporation convicted of violating any of the provisions of this ordinance shall be required to restore the site to the condition existing prior to commission of the violation, or to bear the expense of such restoration." Village of Frankfort Ordinance No. 2392, § 2.02D(3) (adopted June 18, 2007).

In their brief, plaintiffs reference the ordinance but then fail to provide citation to any legal authority or demonstrate how the implied right of action factors justify recognition of a private cause of action in this case. We may refuse to address an issue raised on appeal where an appellant's brief fails to comply with basic supreme court rules. Ill. S. Ct. R 341(h) (eff. May 25, 2018); *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶¶ 31-32 (finding "seriously deficiencies" in plaintiff's brief where there was "no citation to any legal authority whatsoever"). Here, there is no compelling reason to excuse the deficiencies in plaintiffs' argument.

¶ 19    Serious deficiencies aside, however, nothing contained in the ordinance provides a private right of action in tort. Although section 2.02D(3) provides for remedial measures in the event of a violation in the form of a fine or a misdemeanor, it does not mention any civil liability that would be imposed on Robinson Engineering or Ferro Construction, and plaintiffs fail to site any authority is support of such a claim. Accordingly, the trial court properly dismissed plaintiffs' cause of action against Robinson Engineering and Ferro Construction as barred under the economic loss doctrine.

¶ 20                                III. CONCLUSION

¶ 21    The judgment of the circuit court of Will County dismissing plaintiffs' complaint is affirmed.

¶ 22    Affirmed.

6